Daniel M. Shanley, Esq. (SBN 169182)
dshanley@deconsel.com
Dennis J. Murphy, Esq. (SBN 95711)
dmurphy@deconsel.com
Casey Jensen, Esq. (SBN 263593)
cjensen@deconsel.com
DeCARLO & SHANLEY
A Professional Corporation
533 South Fremont Avenue, Ninth Floor
Los Angeles, California 90071-1706
Telephone:  (213) 488-4100
Facsimile:  (213) 488-4180

Attorneys for Plaintiffs,
SOUTHWEST CARPENTERS PENSION TRUST and the
BOARD OF TRUSTEES FOR THE SOUTHWEST

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| SOUTHWEST CARPENTERS PENSION TRUST, and the BOARD OF TRUSTEES FOR THE SOUTHWEST CARPENTERS PENSION TRUST,<br><br>                    Plaintiffs<br><br> vs.<br><br>RODRIGUEZ PLASTERING, INC., a New Mexico corporation; and DOES 1 – 10, inclusive,<br><br>                    Defendants. | CASE NO.: 19-cv-00372<br><br>COMPLAINT FOR PAYMENT OF WITHDRAWAL LIABILITY PURSUANT TO ERISA |

COMPLAINT FOR PAYMENT OF WITHDRAWAL LIABILITY PURSUANT TO ERISA

Plaintiffs, SOUTHWEST CARPENTERS PENSION TRUST ("PENSION TRUST") and the BOARD OF TRUSTEES of the SOUTHWEST CARPENTERS PENSION TRUST ('BOARD OF TRUSTEES"), (collectively referred to herein as Plaintiffs), allege the following against Defendants, RODRIGUEZ PLASTERING, INC. ("RODRIGUEZ") and DOES 1-10 (collectively referred to herein as Defendants).

## JURISDICTION AND VENUE

1.    This is an action to collect withdrawal liability, interest, liquidated damages, and attorneys' fees against Defendants, as a result of RODRIGUEZ's withdrawal from a multiemployer pension plan and subsequent failure to pay monthly installments of withdrawal liability.

2.    The claim alleged herein arises under Title IV of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. §1301 *et seq*., and this Court has jurisdiction of this action under 29 U.S.C. §1401(b)(1) and 1451(c).  ERISA Section 4301(b) (29 U.S.C. § 1451(b)) provides that an action involving an employer's failure to pay withdrawal liability payments shall be treated in the same manner as a delinquent contribution within the meaning of ERISA Section 515 (29 U.S.C. §1145).

3.    Plaintiff SOUTHWEST CARPENTERS PENSION TRUST ("PENSION TRUST") is administered in the Central District of California.  This District is thus proper venue for this action under 29 U.S.C. §1451(d).

## PARTIES

4.    Plaintiff PENSION TRUST is an express trust formed and operated for the purpose of providing pension benefits to employees covered by collective bargaining agreements entered into between labor and management representatives in accordance with § 302(c)(5) of the National Labor Relations Act, 29 USC §186(c)(5). The PENSION TRUST provides pension benefits in accordance with an "employee pension benefit plan" as defined in § 3(2) of ERISA, 29 U.S.C. §1002(2). The pension plan maintained by the PENSION TRUST (referred to hereafter as the "Southwest

1

Carpenters Pension Plan" or "Pension Plan") is a multiemployer pension benefit plan as defined in §§ 3(37)(A) and 4001(a)(3) of ERISA, 29 U.S.C. §§1002(37)(A) and 1301(a)(3). Plaintiff PENSION TRUST's administrative offices are located in Los Angeles, California.

5.    The PENSION TRUST is administered by individual trustees comprising the BOARD OF TRUSTEES of the PENSION TRUST who are "fiduciaries" with respect to the PENSION TRUST as defined in § 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are collectively the "plan sponsor" within the meaning of § 4001(a)(10)(A) of ERISA, 29 U.S.C. § 1301(a)(10)(A).  The action is also brought in the name of the Plaintiff BOARD OF TRUSTEES of the PENSION TRUST pursuant to 29 U.S.C. §§1132(a)(3) and 1145.

6.    The BOARD OF TRUSTEES of the PENSION TRUST has appointed Carpenters Southwest Administrative Corporation ("CSAC") to serve as the administrator for the PENSION TRUST with authority to collect any all amounts due and owing to the PENSION TRUST.

7.    Southwest Regional Council of Carpenters and its affiliated Local Unions ("UNIONS") affiliated with the United Brotherhood of Carpenters and Joiners of America, are labor organizations that are party to the collective bargaining agreements involved.

8.    Defendant RODRIGUEZ PLASTERING, INC. ("RODRIGUEZ") was and is a New Mexico corporation that performed work in the building and construction industry using employees who were represented by the Union, defined below, from its principal place of business in Las Cruces, New Mexico. Defendant RODRIGUEZ is an employer within the meaning of ERISA §3(5), (29 U.S.C. §1002(5)) and is a "trade or business" pursuant to 29 U.S.C. § 1301(b)(1).

9.    Plaintiffs are ignorant of the true names and capacities of defendants who are sued in this Complaint as DOES 1-10, inclusive, and therefore sues these defendants by said fictitious names. Plaintiffs will amend this Complaint to allege the true names

and capacities of these defendants when ascertained.

10.     Plaintiffs are informed and believe, and on that basis allege, that each of the fictitiously-named defendants is a "trade or business" pursuant to 29 U.S.C. § 1301(b)(1) subject to joint and several liability for the withdrawal liability owed by EMPLOYER. Each of the fictitiously named defendants was the agent, employee, principal, co-venturer, affiliate, parent, subsidiary or under "common control" within the meaning of ERISA with each of the other defendants in doing the things alleged herein and was acting within the course and scope of such agency or employment and/or the knowledge, authorization, or ratification of each of the other named Defendants.

## FIRST CAUSE OF ACTION

### (For Payment of Withdrawal Liability Assessed by the Southwest Carpenters Pension Trust)

11.     On or about June 25, 2014, RODRIGUEZ, made, executed and delivered to the UNION, a Southwest Regional Council of Carpenters New Mexico/West Texas Statewide Agreement for the period June 1, 2014 through May 31, 2017 ("STATEWIDE AGREEMENT") and a letter dated June 24, 2014 modifying the STATEWIDE AGREEMENT.  True and correct copies of the foregoing documents are attached hereto marked as Exhibit "1" and "2", and incorporated herein by reference.

12.     Pursuant to the STATEWIDE AGREEMENT, RODRIGUEZ was also obligated to adhere to the Amended and Restated Agreement Establishing the Southwest Carpenters Pension Trust.

13.     For a number of years prior to June 1, 2017, RODRIGUEZ was obligated to pay fringe benefit contributions to the PENSION TRUST on behalf of its employees for all hours of work covered by the STATEWIDE AGREEMENT.

14.     The PENSION TRUST primarily covers employees who perform work in the building and construction industry.

15.     Substantially all of RODRIGUEZ's employees for whom contributions

1  were owed to the PENSION TRUST worked in the building and construction industry.

2     16.    After the expiration of the STATEWIDE AGREEMENT on May 31, 2017,

3  RODRIGUEZ ceased to have an obligation to pay contributions to the PENSION

4  TRUST. Within five years following May 31, 2017 RODRIGUEZ continued to perform

5  the same type of work in the jurisdiction of the STATEWIDE AGREEMENT of the

6  type for which contributions to the PENSION TRUST were previously required prior to

7  June 1, 2017.

8     17.    On or about June 1, 2017 RODRIGUEZ incurred a complete withdrawal

9  from the PENSION TRUST by continuing to perform work in the jurisdiction of the

10  STATEWIDE AGREEMENT of the type for which contributions to the PENSION

11  TRUST were previously required, or due to the resumption of such work within 5 years

12  after the date on which the obligation to contribute to the PENSION TRUST ceased, but

13  without an obligation to pay contributions for that work.

14     18.    On or around March 12, 2018 CSAC sent a withdrawal liability demand

15  letter to RODRIGUEZ informing it that it had incurred withdrawal liability totaling

16  $191,069.00 which was payable in monthly installments of $9,202.00 commencing the

17  first day of the calendar month which followed sixty (60) days after the date of the

18  letter. A true and correct copy of this March 12, 2018 letter has been attached as Exhibit

19  "3."

20     19.    On April 2, 2018, RODRIGUEZ requested that the withdrawal liability

21  assessment be reviewed by the PENSION TRUST.

22     20.    On May 29, 2018, the PENSION TRUST notified RODRIGUEZ that the

23  first monthly withdrawal liability installment of $9,202.00 was due by June 1, 2018.

24     21.    On June 19, 2018, notice was sent on behalf of RODRIGUEZ that they

25  wished to initiate arbitration. On June 22, 2018, a reply was sent on behalf of the

26  PENSION TRUST with a copy of the withdrawal liability procedures adopted by the

27  PENSION TRUST. Those procedures specify the manner of selecting an arbitrator and

28  provide that the initial filing fee for arbitration is to be paid by the party initiating

COMPLAINT FOR PAYMENT OF WITHDRAWAL LIABILITY PURSUANT TO ERISA

arbitration. Although the parties agreed on an arbitrator, RODRIGUEZ has never paid the initial filing fee for the arbitration.

22.     Notwithstanding the initiation of arbitration, RODRIGUEZ is required to pay monthly installments of withdrawal liability according to the schedule set by the PENSION TRUST. See 29 U.S.C. § 1399(c)(2) ("Withdrawal liability shall be payable in accordance with the schedule set forth by the plan sponsor . . . beginning no later than 60 days after the date of the demand notwithstanding any request for review or appeal of determinations of the amount of such liability or of the schedule.").

23.     On October 10, 2018, the PENSION TRUST notified RODRIGUEZ that it had failed to pay any installments of withdrawal liability. A true and correct copy of this letter is attached as Exhibit "4."  The letter informed RODRIGUEZ that it needed to cure the nonpayment within 60 days or face litigation.

24.     More than sixty days has elapsed since the date of the letter attached as Exhibit "4" and RODRIGUEZ has failed to cure its nonpayment of withdrawal liability installments.

25.     RODRIGUEZ owes interest on the unpaid withdrawal liability at the rate set forth in 29 CFR § 4219.32(b) and as posted on the website of the Pension Benefit Guaranty Corporation at www.pbgc.gov.

26.     Under ERISA Section 4001(b)(1) (29 U.S.C. § 1301(b)(1)), each member of a contributing employer's control group is jointly and severally liable for the entire assessed withdrawal liability.

27.     Defendants, DOES 1-10, and each other member within the control group are also liable for interest on the entire assessed withdrawal liability, an amount equal to the greater of interest or liquidated damages, reasonable attorney's fees and costs as allowed under ERISA Sections 4301(b) and 502(g)(2) (29 U.S.C. § 1301(b) and 1132(g)(2)).

28.     Plaintiff PENSION TRUST and its BOARD OF TRUSTEES, therefore, seeks a money judgment against Defendants, RODRIGUEZ and DOES 1-10, and each

member within the control group for the unpaid withdrawal liability installments of $9,202.00 pursuant to ERISA Section 4219(c)(5) (29 U.S.C. § 1399(c)(5)), plus accrued interest at the rate set forth in the PBGC's withdrawal liability regulation (29 CFR 4219.32 on overdue or defaulted withdrawal liability) from the date of default, an amount equal to the greater of interest or liquidated damages of 20%, attorney's fees and costs pursuant to ERISA Sections 4301(b) and 502(g)(2) (29 U.S.C. § 1301(b) and 1132(g)(2)).

## SECOND CAUSE OF ACTION

**(For Payment of Withdrawal Liability Assessed by the Southwest Regional Council of Carpenters/New Mexico Retirement Trust Fund)**

29.    Plaintiffs re-allege and incorporate by reference paragraphs 1 through 17, above.

30.    The Southwest Regional Council of Carpenters/New Mexico Retirement Trust Fund ("NEW MEXICO FUND") merged into the PENSION TRUST effective at 11:59 p.m. Pacific Standard Time on December 31, 2018.  Prior to the merger, the NEW MEXICO FUND was an express trust formed and operated for the purpose of providing pension benefits to employees covered by collective bargaining agreements entered into between labor and management representatives in accordance with § 302(c)(5) of the National Labor Relations Act, 29 USC §186(c)(5). The NEW MEXICO FUND provided pension benefits in accordance with an "employee pension benefit plan" as defined in § 3(2) of ERISA, 29 U.S.C. §1002(2). The pension plan maintained by the NEW MEXICO FUND (referred to hereafter as the "New Mexico Plan") was a multiemployer pension benefit plan as defined in §§ 3(37)(A) and 4001(a)(3) of ERISA, 29 U.S.C. §§1002(37)(A) and 1301(a)(3). The administrative offices for the New Mexico Plan were located in Albuquerque, New Mexico prior to January 1, 2019.

31.    By virtue of the merger between the New Mexico Plan and the Southwest Carpenters Pension Plan, the PENSION TRUST and its BOARD OF TRUSTEES are

the successor in interest to the NEW MEXICO FUND and are authorized to collect amounts owed to the NEW MEXICO FUND that were incurred prior to the merger.

32.     Defendants RODRIGUEZ and DOES 1 – 10 were required by the terms of the STATEWIDE AGREEMENT attached hereto as Exhibit "1" and "2" to pay contributions to the NEW MEXICO FUND for periods before January 1, 2019.

33.     Pursuant to the STATEWIDE AGREEMENT, RODRIGUEZ was also obligated to adhere to the Amended and Restated Agreement Establishing the Southwest Regional Council of Carpenters/New Mexico Retirement Trust Fund.

34.     For a number of years prior to June 1, 2017, RODRIGUEZ was obligated to pay fringe benefit contributions to the NEW MEXICO FUND on behalf of its employees for all hours of work covered by the STATEWIDE AGREEMENT.

35.     The NEW MEXICO FUND primarily covers employees who perform work in the building and construction industry.

36.     Substantially all of RODRIGUEZ's employees for whom contributions were owed to the NEW MEXICO FUND worked in the building and construction industry.

37.     After the expiration of the STATEWIDE AGREEMENT on May 31, 2017, RODRIGUEZ ceased to have an obligation to pay contributions to the NEW MEXICO FUND. Within five years following May 31, 2017 RODRIGUEZ continued to perform the same type of work in the jurisdiction of the STATEWIDE AGREEMENT of the type for which contributions to the NEW MEXICO FUND were previously required prior to June 1, 2017.

38.     On or about June 1, 2017 RODRIGUEZ incurred a complete withdrawal from the NEW MEXICO FUND by continuing to perform work in the jurisdiction of the STATEWIDE AGREEMENT of the type for which contributions to the NEW MEXICO FUND were previously required, or due to the resumption of such work within 5 years after the date on which the obligation to contribute to the NEW MEXICO FUND ceased, but without an obligation to pay contributions for that work.

COMPLAINT FOR PAYMENT OF WITHDRAWAL LIABILITY PURSUANT TO ERISA

39.     On July 12, 2018 the NEW MEXICO FUND sent a withdrawal liability demand letter to RODRIGUEZ informing it that it had incurred withdrawal liability totaling $319,188.00 which was payable in quarterly installments of $7,040.00 for 80 quarters. A true and correct copy of this July 12, 2018 letter has been attached as Exhibit "5."

40.     On September 12, 2018, notice was sent on behalf of RODRIGUEZ that they wished to initiate arbitration regarding the assessment of withdrawal liability referred to in Exhibit "5".

41.     On October 1, 2018, the NEW MEXICO FUND notified RODRIGUEZ that the Board of Trustees of the NEW MEXICO FUND had rejected the request for review submitted by RODRIGUEZ PLASTERING. The letter informed RODRIGUEZ PLASTERING that the initial installment of withdrawal liability was due on September 16, 2018. A true and correct copy of this letter is attached as Exhibit "6."

42.     Notwithstanding the initiation of arbitration, RODRIGUEZ is required to pay quarterly installments of withdrawal liability according to the schedule set by the NEW MEXICO FUND. See 29 U.S.C. § 1399(c)(2) ("Withdrawal liability shall be payable in accordance with the schedule set forth by the plan sponsor . . . beginning no later than 60 days after the date of the demand notwithstanding any request for review or appeal of determinations of the amount of such liability or of the schedule.").

43.     More than sixty days has elapsed since the date of the letter attached as Exhibit "6" and RODRIGUEZ has failed to cure its nonpayment of withdrawal liability installments.

44.     RODRIGUEZ owes interest on the unpaid withdrawal liability at the rate set forth in 29 CFR § 4219.32(b) and as posted on the website of the Pension Benefit Guaranty Corporation at www.pbgc.gov.

45.     Under ERISA Section 4001(b)(1) (29 U.S.C. § 1301(b)(1)), each member of a contributing employer's control group is jointly and severally liable for the entire assessed withdrawal liability.

46. Defendants, DOES 1-10, and each other member within the control group are also liable for interest on the entire assessed withdrawal liability, an amount equal to the greater of interest or liquidated damages, reasonable attorney's fees and costs as allowed under ERISA Sections 4301(b) and 502(g)(2) (29 U.S.C. § 1301(b) and 1132(g)(2)).

47. Plaintiff PENSION TRUST and its BOARD OF TRUSTEES, therefore, seeks a money judgment against Defendants, RODRIGUEZ and DOES 1-10, and each member within the control group for the unpaid quarterly withdrawal liability installments of $7,040.00 pursuant to ERISA Section 4219(c)(5) (29 U.S.C. § 1399(c)(5)), plus accrued interest at the rate set forth in the PBGC's withdrawal liability regulation (29 CFR 4219.32 on overdue or defaulted withdrawal liability) from the date of default, an amount equal to the greater of interest or liquidated damages of 20%, attorney's fees and costs pursuant to ERISA Sections 4301(b) and 502(g)(2) (29 U.S.C. § 1301(b) and 1132(g)(2)).

WHEREFORE, Plaintiffs PENSION TRUST and its BOARD OF TRUSTEES pray for relief against Defendants RODRIGUEZ and DOES 1 - 10 as follows:

FIRST CAUSE OF ACTION

1. For unpaid withdrawal liability installments of $9,202.00 per month for all months from June 1, 2018 to the present;

2. For interest on unpaid withdrawal liability from June 1, 2018 until paid pursuant to 29 U.S.C. §1399(c)(6) at the rate set forth in 29 CFR § 4219.32(b);

3. For liquidated damages equal to the greater of interest or liquidated damages of 20%;

4. For reasonable attorney's fees and costs of suit;

5. For an order compelling Defendants to continue making monthly payments of withdrawal liability to the PENSION TRUST pending the outcome of the arbitration, and

COMPLAINT FOR PAYMENT OF WITHDRAWAL LIABILITY PURSUANT TO ERISA

6. For such other and further relief as the Court may deem just and proper.

SECOND CAUSE OF ACTION

1. For unpaid withdrawal liability installments of $7,040.00 per quarter for all quarters from September 16, 2018 to the present;

2. For interest on unpaid withdrawal liability pursuant to 29 U.S.C. §1399(c)(6) at the rate set forth in 29 CFR § 4219.32(b);

3. For liquidated damages equal to the greater of interest or liquidated damages of 20%;

4. For reasonable attorney's fees and costs of suit;

5. For an order compelling Defendants to continue making quarterly payments of withdrawal liability to the PENSION TRUST pending the outcome of the arbitration, and

6. For such other and further relief as the Court may deem just and proper.


DATED:      January 17, 2019                    DECARLO & SHANLEY
                                                A Professional Corporation


                                    By:   */s/ Daniel M. Shanley*
                                          Daniel M. Shanley, Attorneys for Plaintiffs,
                                          SOUTHWEST CARPENTERS PENSION
                                          TRUST and the BOARD OF TRUSTEES
                                          FOR THE SOUTHWEST CARPENTERS
                                          PENSION TRUST

COMPLAINT FOR PAYMENT OF WITHDRAWAL LIABILITY PURSUANT TO ERISA

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PROOF OF SERVICE